AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Aug 28, 2024, 12:52 pm
Lucy H. Carrillo, Clerk of Court

| United States of America | ) |
|---|---|
| v. | ) |
| MARLON ANTHONY ROGERS | ) Case No. |
| | ) Mag. No. 24-946 KJM |
| | ) |
| | ) |
| | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **August 27, 2024** in the county of **Honolulu** in the **--** District of **Hawaii**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(1), 924(a)(8) | Felon in Possession of Ammunition |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
Complainant's signature

Michael Fujiuchi, ATF Special Agent
Printed name and title

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed.R.Crim.P. 4.1(b)(2).

Date: 8/28/2024

_____
Kenneth J. Mansfield
United States Magistrate Judge

City and state: Honolulu, Hawaii

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Michael Fujiuchi, being duly sworn telephonically, state the following is true and correct to the best of my knowledge and belief:

### INTRODUCTION

1. This affidavit is submitted for the purpose of establishing probable cause that on or about August 27, 2024, within the District of Hawaii, Marlon Anthony Rogers ("ROGERS"), the defendant, committed the offense of Felon in Possession of Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since 2020. I am currently assigned to the ATF Honolulu Field Office, Honolulu, Hawaii. I am charged with the investigation and enforcement of violations of federal firearm laws and associated violations. I was employed with the Department of Defense from 2013 to 2020. I graduated with a Bachelor's of Science in Computer Science from Seattle University. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigation Program and the ATF Special Agent Basic Training Program. I have attended numerous classes, seminars and training lectures in the investigation of criminal violations of federal laws. I have conducted numerous firearms-related investigations and executed both federal search and arrest warrants.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, officers, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of the facts known to me or to the government regarding this matter. Summaries and statements from conversations do not include references to all topics in the

conversations. This affidavit is not intended to include each and every fact and matter observed or known by the government.

## PROBABLE CAUSE

4. On or about August 27, 2024, Honolulu Police Department (HPD) officers witnessed an individual they recognized to be ROGERS, who had an active warrant, walking on the street in the Kalihi area within the District of Hawaii directly towards a BMW with Hawaii License Plate WYV457 (hereinafter the "BMW").

5. As ROGERS approached the BMW, HPD officers exited their vehicles and announced their presence. Once ROGERS saw the HPD officers, he turned and ran. HPD officers immediately chased after ROGERS, who discarded a bag he was carrying while being pursued by HPD. HPD officers caught up to ROGERS and arrested him after a brief struggle.

6. After arresting ROGERS, HPD officers secured the BMW. Within the BMW, HPD officers observed in plain view three (3) rounds of ammunition near the middle console in a metallic-type dish. In addition, within a blue bag on the ground of the passenger side of the BMW, HPD officers observed in plain view what appeared to be a dark colored grip/butt of a firearm.

7. HPD officers also reviewed surveillance footage from a nearby residence. The surveillance footage showed a male, whom HPD identified as ROGERS, as being the operator and sole occupant of the BMW when the BMW was parked. HPD did not observe in the surveillance footage anyone other than ROGERS accessing the BMW from the time the BMW was parked until the time of ROGERS' arrest.

8. Law enforcement was aware that ROGERS is a convicted felon and prohibited from possessing any firearms or ammunition. Based on, among other things, ROGERS' felony status,

the circumstances surrounding the active warrant for ROGERS and his subsequent arrest, HPD's review of the surveillance footage, the plain view observance of ammunition and possible firearm, law enforcement had probable cause to believe that there would be evidence of the crime of Felon in Possession of a Firearm and Ammunition within the BMW.

9. On August 27, 2024, law enforcement, including your affiant, searched the BMW and recovered, among other things, four (4) rounds of ammunition and what appeared to be a 3D-printed pistol frame.

### Interstate and Foreign Nexus

10. The above ammunition was examined by ATF Interstate Nexus Special Agent Joseph Villagomez. SA Villagomez concluded that the ammunition was not manufactured in the State of Hawaii, and thus, necessarily traveled through interstate and/or foreign commerce prior to being possessed in the State of Hawaii.

### Conviction and Status as a Felon

11. I conducted checks on law enforcement databases and confirmed that ROGERS was previously convicted of at least one felony offense, including a prior federal conviction in Criminal Case Cr. No. 03-00142 HG, for possession with intent to distribute more than 5 grams of cocaine base, a Schedule II controlled substance, within 1,000 feet of a private university, in violation of 21 U.S.C. §§ 860(a) and 841(b)(1)(B) (Count 1); and possession of methamphetamine, its salts, isomers, and salts of its isomers, a controlled Schedule II substance, in violation of 21 U.S.C. § 844(a) (Count 2). On February 9, 2004, ROGERS was sentenced to 120 months as to Count 1 and 36 months as to Count 2, to be served concurrently.

12. I have a reviewed the United States District Court for the District of Hawaii Judgement in Criminal Case Cr. No. 03-00142 HG and under the terms of ROGERS' Supervised Release, it stated, "the defendant shall not possess a firearm as defined in 18 U.S.C. § 921."

13. Based on the totality of the circumstances, on August 27, 2024, SA Villagomez informed ROGERS that he was under arrest for Felon in Possession of Ammunition.

## CONCLUSION

14. Based on the foregoing facts, I believe there is probable cause that Marlon Anthony ROGERS committed the offense of Felon in Possession of Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

DATED: August 28, 2024, Honolulu, Hawaii.

Michael Fujiuchi
Special Agent
Bureau of Alcohol, Tobacco,
Firearms, and Explosives

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Federal Rule of Criminal Procedure 4.1(b)(2), on this  28th  day of August, 2024, in Honolulu, Hawaii.

Kenneth J. Mansfield
United States Magistrate Judge